

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*                                    *(973)645-2700*
*Newark, NJ 07102*


September 7, 2005


Hon. Katharine S. Hayden
United States District Judge
U.S. Post Office & Courthouse Building
P.O. Box 999
Newark, New Jersey   07101-0999

                    Re:   United States v. Hemant Lakhani
                          Criminal No. 03-880

Dear Judge Hayden:

        The government submits this letter in opposition to defendant's request to be credited for "acceptance of responsibility" under the Sentencing Guidelines.  The Presentence Report ("PSR"), at paragraph 140, appropriately does not award Lakhani this reduction, since he is not entitled to it.

        Defendants who "clearly demonstrate[] acceptance of responsibility" for the offense committed may receive a reduction of two Guidelines levels, pursuant to section 3E1.1.  However, "[d]efendants who force the government to trial are not ordinarily entitled to the benefit of U.S.S.G. § 3E1.1."  <u>United States v. Thomas</u>, 97 F.3d 1499, 1500 (D.C. Cir. 1996), <u>citing</u> USSG §3E1.1, comment. (n.2); <u>see</u> <u>also</u> <u>United States v. Layeni</u>, 90 F.3d 514 (D.C. Cir. 1996) (sentencing courts normally should deny the reduction to a defendant who does not plead guilty). "Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction."  USSG §3E1.1, comment. (n.2).  "In rare situations," the Guidelines explain, a defendant may exercise his constitutional right to a trial and receive the reduction, such as for example "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct.)."  <u>Id</u>.

        Defendant did not raise any constitutional challenge at trial.  Instead, he vigorously argued he was entrapped.  In reviewing a similar post-trial request for acceptance points, the Third Circuit found:

> [i]t is difficult to reconcile [defendant's] claim of entrapment with his contention that he accepted responsibility. . . .  *Ordinarily a claim of entrapment at trial seems to be the antithesis of the acceptance of responsibility*.  The defendant, rather than accepting "personal responsibility for his criminal conduct" (see guidelines § 3E1.1(a)) urges that the party responsible for the offense was actually the government.

United States v. Demes, 941 F.2d 220, 222 (3d Cir. 1991) (emphasis added).  As the D.C. Circuit has observed, "[t]o say 'It's not my fault, but I accept the responsibility,' is to engage in self-refutation."  Thomas, 97 F.3d at 1501, citing Demes, 941 F.2d at 222.  Nonetheless, it is not inconceivable "to hypothesize a case in which a plea of entrapment would not be inconsistent with the acceptance of responsibility;"  Demes, 941 F.2d at 222; it is just very difficult to do so.  In this case, it is not possible.

The defendant has the burden of demonstrating that he has in fact acknowledged the wrongfulness of his conduct.  Layeni, 90 F.3d at 524.  What does the defendant offer to shoulder this burden?  A 30-page letter to the Probation Office which is essentially a wide-ranging assault on the evidence presented at trial.  Defendant writes, "[t]his is not an American justice, in fact this is not a justice at all -- it is a total miscarriage of justice -- and so begins the unfolding of this great saga, full of lies, and liars, perjury, testifying under oath, which is untrue, power struggle and face saving exercise for FBI."  Pro se submission to Probation Office, dated 6/16/05, at 6 (emphasis in original).  At various points, defendant characterizes the proofs and arguments submitted to the jury as "ridiculous," id. at 4; a "false story," id.; an "untrue story", id. at 5; "totally untrue," id. at 21; and "absolutely ridiculous and incredible," id. at 27.

Defendant also takes issue with important, specific factual points.  Among other things,

*He disputes that he initiated contact with the government's informant.  Pro se submission to Probation Office, dated 6/16/05, at 1.

*He disputes speaking with the informant several times before December 19, 2001.  Id., at 3.

*He disputes the apparent meaning of the first recorded telephone conversation.  Id., at 4.

*He disputes the translations presented, calling the

transcripts "botched," id. at 8; claiming they contain things he "never said," id. at 8, 16; asserting there are "vast discrepancies" in them, id. at 25; and objecting to their authenticity and truthfulness, id.

Defendant is entitled to hold these views. But he cannot claim that he has "clearly accepted responsibility" at the same time he espouses them. In light of these comments, defendant fails to qualify for an adjustment under section 3E1.1. See United States v. Silva, 122 F.3d 412, 416 (7th Cir. 1997) (court determined § 3E1.1 reduction not warranted where defendant was not truthful in his version of the offense to probation office).

Defendant's lengthy submission to Probation is telling for another reason: it contains no statement of remorse or culpability. See Thomas, 97 F.3d at 1500 (defendant not entitled to reduction under § 3E1.1 for claiming entrapment and failing to show remorse, culpability, or shame for his conduct).

Defense counsel, who made this application without the benefit of Lakhani's pro se submission, points to Lakhani's post-arrest statement to FBI agents. The statement was of sufficiently little incriminating value that the government did not introduce it at trial.

In short, instead of offering remorse or culpability, defendant continues to cast blame on the government's informant and disputes the proofs at trial. Under these circumstances, he is not entitled to a reduction for acceptance of responsibility.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: STUART RABNER
Assistant U.S. Attorney

cc:  Henry E. Klingeman, Esq.
     Sylvia Christie, USPO

3